NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LET'S GO AERO, INC.,
A COLORADO CORPORATION,**
*Plaintiff-Appellee*

**v.**

**CEQUENT PERFORMANCE PRODUCTS, INC.,
A DELAWARE CORPORATION, FKA CEQUENT
TOWING PRODUCTS, INC.,**
*Defendant-Appellant*

**U-HAUL INTERNATIONAL INC.,
A NEVADA CORPORATION,**
*Defendant*

---

2015-1308

---

Appeal from the United States District Court for the District of Colorado in No. 1:14-cv-01600-RM-MEH, Judge Raymond P. Moore.

---

Decided:  March 3, 2016

---

MARTIN D. BEIER, Silver & DeBoskey, P.C., Denver, CO, argued for plaintiff-appellee.  Also represented by

THOMAS M. HASKINS III; J. MARK SMITH, Berg Hill Greenleaf Ruscitti, LLP, Denver, CO.

DAVID BOGDAN CUPAR, McDonald Hopkins LLC, Cleveland, OH, argued for defendant-appellant. Also represented by MATTHEW JOHN CAVANAGH.

———————————

Before MOORE, TARANTO, and STOLL, *Circuit Judges.*

TARANTO, *Circuit Judge.*

A settlement agreement that resolved an earlier lawsuit between Let's Go Aero, Inc. and Cequent Performance Products, Inc. contains an arbitration provision that governs certain disputes that might arise between the parties. When Let's Go Aero brought the present action against Cequent, asserting patent-infringement and other claims, Cequent invoked that arbitration provision by filing a motion to stay the litigation and to compel arbitration under the Federal Arbitration Act, 9 U.S.C. §§ 3, 4. The district court analyzed the twelve claims of Let's Go Aero's complaint and concluded that six come within the arbitration provision and six do not. Challenging the non-arbitrability conclusion as to the latter group of six claims, Cequent appeals the resulting order entered by the district court, invoking 9 U.S.C. § 16(a)(1). We dismiss the appeal. The order does not deny the requested § 3 stay and so is outside § 16(a)(1)(A). Although the order refuses to compel arbitration, which is within § 16(a)(1)(B), our ruling on arbitrability would be advisory as to that refusal, which undisputedly is compelled by an independent ground we cannot disturb. We therefore do not address arbitrability, which the parties now agree will be decided de novo by another district court in a separate action brought by Cequent under the Arbitration Act.

BACKGROUND

A

In 2008, Let's Go Aero and Cequent entered into a license agreement that authorized Cequent to make and sell certain products involving technology for which, the agreement states, Let's Go Aero had patent rights. The products include cargo bins that attach to the back of a vehicle to provide storage space, a bike rack, and a pin that connects a vehicle to a towed object. In 2010, Cequent sued Let's Go Aero for breach of the 2008 license, asserting, among other things, that Let's Go Aero had let its patents and applications expire or go abandoned, so that the license issued to Cequent was without value. Let's Go Aero counterclaimed that Cequent breached the licensing agreement by not paying required royalties and also had infringed Let's Go Aero's patents.

In January 2012, Let's Go Aero and Cequent entered into a settlement agreement. Two provisions are noteworthy for present purposes. First: In exchange for paying $17,500 to Let's Go Aero, Cequent is permitted to continue selling some 25,792 units of a product called Silent Hitch Pins that Cequent already had in inventory. Second: Any disputes arising out of or relation to the settlement agreement are to be arbitrated in Chicago, Illinois.

> In the event of any dispute, claim, question, or disagreement arising from or relating to this Agreement or the breach thereof . . . all disputes, claims, questions, or differences shall be finally settled by arbitration administered by the American Arbitration Association in accordance with the provisions of its Commercial Arbitration Rules. Venue for the arbitration proceedings shall be in Chicago, Illinois. . . .

J.A. 394 ¶ 23.

B

In June 2014, Let's Go Aero filed the present action against Cequent in district court in Colorado. J.A. 190. The operative Second Amended Complaint states twelve claims, patent infringement among them. In lieu of answering, Cequent moved for an order compelling arbitration under 9 U.S.C. § 4 or, in the alternative, for a stay of the case pending arbitration under 9 U.S.C. § 3. J.A. 219, 229. It argued that Let's Go Aero's claims come within the arbitration clause of the 2012 settlement agreement. J.A. 224.

In opposing Cequent's motion, Let's Go Aero raised a venue objection under *Ansari v. Qwest Communications Corp.*, 414 F.3d 1214 (10th Cir. 2005). In *Ansari*, the Tenth Circuit ruled that "where the parties agreed to arbitrate in a particular forum only a district court in that forum has authority to compel arbitration under § 4." *Id.* at 1219–20; *see id.* at 1220 ("a district court lacks authority to compel arbitration in other districts, or in its own district if another has been specified for arbitration") (internal quotation omitted). The *Ansari* rule can be waived, *see Sanchez v. Nitro-Lift Techs., L.L.C.*, 762 F.3d 1139, 1151–52 (10th Cir. 2014); *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1052 (10th Cir. 2006), but here Let's Go Aero invoked the *Ansari* rule. Because the 2012 agreement specifies that arbitration is to be conducted in Chicago, Let's Go Aero argued that the Colorado district court in this case lacked power under *Ansari* to grant Cequent's § 4 motion to compel arbitration.

Cequent responded by filing a new action—a Petition to Compel Arbitration under § 4 of the Arbitration Act—in the Northern District of Illinois (which includes Chicago). It told the Illinois court in its Petition that "[u]nder the Federal Arbitration Act, as interpreted by the U.S. Court of Appeals for the 10th Circuit, the proper venue to com-

pel arbitration is the district court encompassing the arbitration location required by the clause," and that, in its reply brief responding to Let's Go Aero's opposition in Colorado, "Cequent will ask the Colorado district court to either stay the case pending this Court's resolution of this petition or to dismiss [the Colorado action] for improper venue." Petition to Compel Arbitration, Doc. 1, ¶¶ 32, 33, *Cequent Performance Products, Inc. v. Let's Go Aero, Inc.*, No. 1:14-CV-08457 (N.D. Ill. Oct. 27, 2014). In December 2014, however, the Illinois district court stayed its case pending the outcome of Cequent's motion to compel arbitration in Colorado district court.

C

On January 28, 2015, the Colorado district court in this case issued an order addressing Cequent's motion to compel arbitration and to stay the litigation.[1] In the January 28 Order, the court explained that it would first consider whether each of the claims in the complaint was subject to the arbitration provision. "If such claim does [arise from the settlement agreement]—that claim is arbitrable. If such claim does not—then that claim is non-arbitrable and subject to litigation in the Court." J.A. 10. Proceeding claim by claim, the court concluded that six claims (1–3, 6, 10, and 12) are subject to the 2012 arbitration provision, J.A. 12–14, 16, 18–20, and six others (4, 5, 7–9, and 11) are not, J.A. 15–19.

The court then considered whether it could compel arbitration as to the first group of claims—those it had held arbitrable. It concluded that *Ansari* precludes such a § 4 order. J.A. 20. It added, however, that it would stay the

---

[1] The court also set aside a default judgment (ECF No. 42) and gave Cequent more time to answer or otherwise respond to the complaint. J.A. 21–22.

case as to those claims pending what it said would be a "*de novo* resolution of the Illinois Action."  J.A. 20–21.

Although the court had found six claims *not* to be arbitrable (4, 5, 7–9, 11)—the ones now at issue in this appeal—the court then considered "Whether to Stay the *Entire* Litigation Pending Arbitration."  J.A. 21 (emphasis added).  The court explained: "Where a court has found that a party's lawsuit contains some claims that raise arbitrable issues and others that do not, the court has considerable discretion with respect to whether it stays the claims that do not raise arbitrable issues or allows them to proceed."  J.A. 21.  As to whether the non-arbitrable claims should be stayed along with the arbitrable ones, the district court said: "the Court reserves ruling on the request to stay the matter in its entirety.  The Court orders the parties to file cross briefs within thirty (30) days of this Order as to whether a stay is appropriate as to individual Claims Four, Five, Seven, Eight, Nine, and Eleven."  J.A. 21.

In the Conclusion section of the January 28 Order, the court formally disposed, in numbered paragraphs, of the motions before it.  J.A. 21–23.  Three paragraphs address claims 1–3, 6, 10, and 12.  Paragraph 3 "GRANTS, in part" the motion to compel arbitration, "to wit, the Court finds the following claims are subject to the parties' arbitration agreement," listing claims 1–3, 6, 10, and 12.  J.A. 22.  Paragraph 4 "DENIES, in part," the motion to compel arbitration, "to wit, the Court lacks jurisdiction in which to compel the parties to arbitrate" those claims, *id.*, thus referring to the *Ansari* ground.  And paragraph 5 "GRANTS, in part, [Cequent's] request to stay proceedings" as to those claims "pending resolution of the Illinois Action."  *Id.*

The final paragraph of the formal ordering portion of the January 28 Order addresses the six claims that the district court, in the earlier portions, had found non-

arbitrable. Paragraph 6 "RESERVES ruling, in part, [Cequent's] request to stay proceedings (ECF No. 29), to wit the Court ORDERS the parties to file cross briefs within thirty (30) days of this Order as to whether a stay is appropriate to the following individual claims," listing claims 4, 5, 7–9, and 11. J.A. 23. We note that the January 28 Order includes no formal ordering clause that expressly denies Cequent's request to compel arbitration under 9 U.S.C. § 4 with respect to claims 4, 5, 7–9, and 11, but the parties agree that the district court's order necessarily does so.

D

After the district court entered its ruling, Cequent appealed to this court and obtained from the district court a stay pending appeal. Only claims 4, 5, 7–9, and 11—the claims the district court found non-arbitrable—are before us. Cequent argues principally that those claims are subject to the arbitration provision because adjudicating those claims will involve determining whether any of the challenged sales were covered under a provision of the 2012 settlement agreement allowing Cequent to continue selling certain products. Let's Go Aero did not appeal with respect to claims 1–3, 6, 10, and 12, whose arbitrability the district court stated would be decided de novo by the Illinois district court.

In this court, Cequent has acknowledged—as it told the Illinois district court—that the Colorado district court could not compel arbitration in Chicago under *Ansari*. Appellant's Reply Br. at 19. And the parties have broadened the scope of the de novo review of arbitrability by the Illinois district court to include all of the claims asserted in this case by Let's Go Aero—including the claims, at issue on appeal, that the Colorado court found non-arbitrable. Let's Go Aero so stated in its brief in this court, waiving any preclusion. At oral argument, Cequent

agreed.  This agreement, we note, helpfully opens a path to a single-forum definitive resolution of arbitrability.

## DISCUSSION

Jurisdiction to review the January 28 Order exists, if at all, under 28 U.S.C. § 1292(a)(1), (c); and that provision applies to this appeal only to the extent that the district court issued "an order" covered by 9 U.S.C. § 16(a)(1).  *See Microchip Tech. Inc. v. U.S. Philips Corp.*, 367 F.3d 1350, 1354–55 (Fed. Cir. 2004).  As relevant here, section 16(a)(1) of Title 9, U.S. Code, authorizes appeal of an order "(A) refusing a stay of any action under section 3 of this title" and of an order "(B) denying a petition under section 4 of this title to order arbitration to proceed." Those provisions address two forms of concrete action authorized by the Arbitration Act: staying litigation; and compelling arbitration.  Cequent sought both actions in this case.  We conclude, however, that neither provision provides us a basis to reach the merits of arbitrability on Cequent's appeal.  We therefore dismiss the appeal.

### A

We begin with the district court's order to the extent it denies the § 4 motion for an order to compel arbitration. Cequent does not dispute either of two propositions: (a) our unchallenged precedent about when we follow regional circuits' law requires us to follow the Tenth Circuit's *Ansari* decision on § 4 here; and (b) with Let's Go Aero having invoked the venue provision of the arbitration agreement in this case, *Ansari* precludes the granting of Cequent's § 4 motion to compel arbitration, even if Cequent is right about the arbitrability of the claims at issue before us.  Based on those two premises, it is undisputed that this court cannot set aside the district court's refusal to compel arbitration.  Were we to rule on the arbitrability issue, therefore, that ruling would not alter the district court's concrete action in refusing to compel arbitration.

In these circumstances, our ruling on arbitrability would be advisory as to the denial of the § 4 motion in the same way the Supreme Court has long recognized as defeating jurisdiction in an analogous setting. The Court has held that it lacks jurisdiction to review a state court's "judgment[]" under 28 U.S.C. § 1257 where that judgment, even if it includes a ruling on federal law, independently rests on a state-law ground. The Court explained the longstanding rule and rationale in *Coleman v. Thompson*, 501 U.S. 722 (1991):

> In the context of direct review of a state court judgment, the independent and adequate state ground doctrine is jurisdictional. Because this Court has no power to review a state law determination that is sufficient to support the judgment, resolution of any independent federal ground for the decision could not affect the judgment and would therefore be advisory. See *Herb v. Pitcairn,* 324 U.S. 117, 125–126 (1945) ("We are not permitted to render an advisory opinion, and if the same judgment would be rendered by the state court after we corrected its views of federal laws, our review could amount to nothing more than an advisory opinion.").

*Id.* at 729. The Court added: "When this Court reviews a state court decision on direct review pursuant to 28 U.S.C. § 1257, it is reviewing the *judgment*; if resolution of a federal question cannot affect the judgment, there is nothing for the Court to do." *Id.* at 730. The same logic applies to the order denying the motion for an arbitration-compelling order under § 4: a ruling by this court on arbitrability of claims 4, 5, 7–9, and 11 would be impermissibly advisory because such a ruling would not affect the district court's *order* refusing to compel arbitration of those claims.

Our conclusion is reinforced by consideration of the Supreme Court's decision in *Electrical Fittings Corp. v. Thomas & Betts Co.*, 307 U.S. 241 (1938). In that patent case, the district court's "decree" contained a validity declaration along with a non-infringement determination, even though invalidity was asserted only as a defense, not a counterclaim. *Id.* at 242. When the defendant, which had won on non-infringement, appealed to the court of appeals for reform of the decree to eliminate the validity declaration, the Supreme Court held that the court of appeals had jurisdiction to do just that, but not to address the merits of validity. The Court noted the basic principle that "[a] party *may not appeal* from a judgment or decree in his favor, for the purpose of obtaining a review of *findings he deems erroneous which are not necessary to support the decree.*" *Id.* (emphasis added). But in the case before the Court, the declaration that was challenged was in the decree itself, and what was sought was not review of that declaration's merits, but its simple vacatur. *Id.*[2]

In the present case, unlike in *Electrical Fittings*, the ordering portions of the district court's ruling do not contain a declaration of arbitrability. But even if they

---

[2]    "A party may not appeal from a judgment or decree in his favor, for the purpose of obtaining a review of findings he deems erroneous which are not necessary to support the decree. But here the decree itself purports to adjudge the validity of claim 1, and though the adjudication was immaterial to the disposition of the cause, it stands as an adjudication of one of the issues litigated. We think the petitioners were entitled to have this portion of the decree eliminated, and that the Circuit Court of Appeals had jurisdiction, as we have held this court has, to entertain the appeal, not for the purpose of passing on the merits, but to direct the reformation of the decree." *Id.* at 242 (footnotes omitted).

did, all that *Electrical Fittings* involved and approved was appellate vacatur of that declaration, not an appellate decision on the merits of the issue. Cequent does not ask us for a bare vacatur. At this point, moreover, both parties agree that the arbitrability issue will be decided de novo by the district court in Illinois. Even vacatur, in the current posture of the case, would have no discernible concrete legal effect.[3]

More broadly, the parties' agreement that the arbitrability conclusion of the district court in this case lacks any preclusive effect in the Illinois case, and that arbitrability is subject to de novo decision by the Illinois district court, takes this case outside the rationale of cases in which appeal has been allowed where "a losing party accepts the adverse judgment and seeks review of only one of the independently sufficient alternative grounds for the judgment." 15A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure: Jurisdiction, § 3902 (Special Limits on Jurisdiction–Standing), at 84 (2d. 1992). The rationale of such decisions is that "most courts permit *preclusion* as to all such grounds," giving a future legal effect in other potential proceedings to the ruling on the alternative grounds. *Id.* (emphasis added); *see AT&T Corp. v. F.C.C.*, 317 F.3d 227, 237-38 (D.C. Cir. 2003). Here, in contrast, the parties have made clear, by their representations on appeal, that arbitrability is to be decided afresh in the Illinois case, independently of the conclusion on the issue drawn by the district court in the present case.

---

[3]    If this dispute continues, and leads to a decision by the Illinois district court in the action filed under the Arbitration Act, a question will arise about whether an appeal will come to this court or to the Seventh Circuit. We merely note but do not address that question.

The language used in *Coleman* and its cited authorities suggests that we lack jurisdiction—not because of 28 U.S.C. § 1292(a)(1), but for advisory-opinion reasons—to review the order denying the § 4 motion.  But even if we view the issue as a matter of "'federal appellate practice,'" *Camreta v. Greene*, 131 S. Ct. 2020, 2029 (2011), the same disposition is appropriate here.  We will not entertain the appeal insofar as it involves the denial of an order to compel arbitration under § 4.

B

A different problem undermines Cequent's appeal regarding the motion under 9 U.S.C. § 3 for a stay pending arbitration.  The district court has not actually issued an order refusing such a stay.[4]  Although a refusal of a § 3 stay is separately appealable under 9 U.S.C. § 16(a)(1)(A), we have no such basis for appeal in this case.

---

[4]    In the January 28 Order on appeal, the district court, besides addressing Cequent's Arbitration Act motion seeking relief under 9 U.S.C. §§ 3, 4 (ECF No. 29), also ruled on a separate motion, which asked that the court set aside the default judgment or, if "the [c]ourt believes that Cequent is in default and a response to the second amended complaint is currently required," give Cequent extra time "to answer or move to dismiss the second amended complaint" (ECF No. 42 at 2-3).  The court set aside the entry of default, but also granted Cequent extra time "to answer or otherwise respond to the Complaint."  J.A. 22.  (Because of Cequent's immediate appeal, no such response has been filed.)  That portion of the Order does not address the Arbitration Act motion and does not directly order Cequent to answer, but only grants it more time.  In any event, on appeal Cequent does not point to that clause of the Order as a refusal to stay under § 3.  For at least those reasons, we disregard that clause of the Order.

Although the district court concluded that the claims Cequent presents to us are not subject to arbitration, the court's January 28 Order does not deny the § 3 motion for a stay of litigation of those claims. To the contrary, it expressly "RESERVES ruling, in part, [on Cequent's] request to stay proceedings" regarding those claims. J.A. 23. And it directs the parties to file briefs "as to whether a stay is appropriate" as to those claims. *Id.*

When Cequent appealed the January 28 Order, it said in its Docketing Statement, dated February 18, 2015, that the relief sought is "[r]eversal of portion of order denying motion to compel arbitration" and that the "[o]rder is immediately appealable under 9 USC 16 as it denied a motion to compel arbitration." Docketing Statement for the Appellant Cequent Performance Products, Inc. at 1-2, *Let's Go Aero, Inc. v. Cequent Performance Prods., Inc.*, No. 15-1308 (Fed. Cir. Feb. 18, 2015), ECF No. 5. Cequent thus mentioned only the § 4 ruling. It did not mention a refusal of a § 3 stay.

A few weeks later, when the district court granted Cequent's motion to stay district court proceedings *pending the appeal*, the court described its January 28 Order regarding the claims Cequent brings to us: the court "denied, in part, [Cequent's] motion to compel arbitration as to [those claims] . . . and reserved ruling on whether to stay the entire proceedings." J.A. 923. Noting that it had "determined that certain of [LGA's] claims were arbitrable but that it lacked jurisdiction to compel arbitration," while "determin[ing] that certain of [LGA's] claims were not arbitrable," the court said: "Thus, [Cequent] had a right to immediately appeal this prior order. *See* 9 U.S.C. § 16(a)(1)(B)." J.A. 924. That statement cites only the § 16(a)(1) subparagraph on denials of § 4 motions, not the subparagraph, § 16(a)(1)(A), that addresses refusals to grant stays under § 3.

In short, the district court's January 28 Order does not include an order refusing a stay that is appealable under 9 U.S.C. § 16(a)(1)(A).

## CONCLUSION

For the foregoing reasons, the appeal is dismissed.

No costs.

**DISMISSED**